IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DAVID EUGENE FORD, | § § § | |
| Petitioner, | § § | |
| v. | § § | Case No. 6:23-cv-102-JDK-JDL |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner David Eugene Ford, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2013 conviction in Smith County, Texas. The petition was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On December 21, 2023, Judge Love issued a Report and Recommendation recommending that the Court deny the petition as time barred and dismiss the case with prejudice. Judge Love also recommended that a certificate of appealability be denied. Docket No. 23. Petitioner filed objections to the Report. Docket No. 31.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the

1

law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Judge Love's Report determined that Petitioner's ineffective assistance of counsel claims are time-barred under AEDPA's statute of limitations and that his claims are not subject to equitable or statutory tolling. Docket No. 23 at 7–8; *see* 28 U.S.C. § 2244(d)(1). To overcome the limitations bar, Petitioner claims that he is actually innocent. Actual innocence, if proven, "serves as a gateway through which [Petitioner] may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

To have his constitutional claims considered on the merits, Petitioner must make a credible showing of actual innocence. *See Floyd v. Vannoy*, 894 F.3d 143, 154 (5th Cir. 2018). "'[A]ctual innocence' means factual innocence, . . . not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). As such, tenable actual-innocence gateway pleas are rare. *McQuiggin*, 569 U.S. at 386. "[A]ctual innocence is established through demonstrating that, in the light of newly discovered evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "A credible claim must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* (quoting *Schlup*, 513 U.S. at 327).

In support of his actual innocence gateway claim, Petitioner cites to five pieces of evidence which he claims show that he was misidentified as the person who robbed the complainant: (1) the complainant told investigators and a local news media outlet that the assailant was a heavyset man and a passenger in the sedan that pulled up alongside her; (2) Petitioner's jail and medical records show that he was not heavyset at the time of his arrest; (3) the prosecution's main witness, Tevin Dorsey, was also convicted in connection with the robbery and admitted that he was the passenger in the sedan; (4) an investigating officer testified at trial that Tevin Dorsey, not Ford, was heavyset; and (5) the complainant made a negative in-court identification of Petitioner as the assailant.[1] Docket No. 14 at 9–11.

The Report notes that none of this evidence is new. Docket No. 23 at 10. The last three pieces of evidence are in-court testimony, which cannot be evidence that was not presented at trial. *See Floyd*, 894 F.3d at 156; *Mendoza v. Lumpkin*, 2022 WL 3657188, at *2 (5th Cir. Aug. 25, 2022). As for the medical/jail records and the complainant's out-of-court statements to police and the media, Petitioner has not shown that this information was unavailable to the defense at trial through the exercise of due diligence. *See Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018)

---

[1] In his objections, Petitioner appears to have abandoned the last three pieces of evidence. Docket No. 31 at 4. Additionally, he now claims that the complainant's husband's height and weight at the time of the robbery is also exculpatory evidence that his trial counsel failed to investigate and present in his defense. *Id.* Notwithstanding the fact that this argument does not appear to have been presented in his petition, as with the other evidence, any discrepancies between Petitioner's and the complainant's husband's height and weight were established through other evidence presented at trial. Docket No. 7-12 at 105–06; Docket No. 7-16 at 115–17; Docket No. 7-17 at 51–52.

("Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [Ford's] personal knowledge or reasonable investigation.'" (citation omitted)).

Petitioner argues that the Court should not strictly construe what constitutes "new evidence" because his petition for habeas corpus is specifically predicated on counsel's lack of diligence in failing to discover and present this evidence. Docket No. 31 at 6. But the Fifth Circuit has found this distinction irrelevant.[2] *See Tyler v. Davis*, 768 F. App'x 264, 265 (5th Cir. 2019) (refusing to distinguish ineffective assistance claims from other claims for the purpose of determining whether an actual innocence claim will overcome a time bar). And even if such an exception did exist, this case would not fall under it.

As noted in Judge Love's Report, the evidentiary record shows that Petitioner's trial counsel presented other evidence at trial that raised the issue of Petitioner's misidentification as the assailant, based specifically on discrepancies between Petitioner's and the assailant's height and weight. Docket No. 7-12 at 55–56, 104–05; Docket No. 7-13 at 131–32, 153–54; Docket No. 8-10 at 108. As such, any further evidence presented in that regard would have been cumulative. *See United States v. Harris*, 408 F.3d 186, 191 (5th Cir. 2005) (the omission of cumulative testimony does not amount to ineffective assistance of counsel).

---

[2] The Seventh Circuit and Third Circuit may agree with Petitioner's argument. *See Gomez v. Jaimet*, 350 F.3d 673, 678–80 (7th Cir. 2003) ("Particularly in a case where the underlying constitutional violation claimed is the ineffective assistance of counsel premised on a failure to present evidence, a requirement that new evidence be unknown to the defense at the time of trial would operate as a roadblock to the actual innocence gateway."); *see also Reeves v. Fayette SCI*, 897 F.3d 154, 164 (3d Cir. 2018), *as amended* (July 25, 2018) (same).

4

In response, Petitioner argues that "the fact that there is some overlap among the excluded testimony and what came out at trial will not necessarily preclude relief." Docket No. 31 at 8. But the only Fifth Circuit case cited by Petitioner on that point is factually inapposite. In *Harrison*, the Fifth Circuit found that trial counsel was deficient in offering the testimony of a witness who had no direct knowledge of a disputed key event, instead of calling an available eyewitness to the event itself. *Harrison v. Quarterman*, 496 F.3d 419, 426 (5th Cir. 2007). Essentially, *Harrison* dealt with the omission of unique, material evidence. *See id.*

Here, unlike in *Harrison*, there is nothing about the unpresented evidence that was not already established through the rather voluminous trial testimony about Petitioner's height and weight. Docket No. 7-12 at 55–56, 104–05; Docket No. 7-13 at 131–32, 153–54; Docket No. 8-10 at 108. Petitioner's entire argument appears to be that additional evidence would have further bolstered his misidentification defense. But the mere fact that additional evidence may have further supported his defense does not mean that counsel's failure to present that evidence amounts to ineffective assistance of counsel. *See Harris*, 408 F.3d 186, 191 (5th Cir. 2005); *United States v. Valdez*, 973 F.3d 396, 404 (5th Cir. 2020) (a criminal defendant is entitled to reasonable, but not perfect, representation of counsel). Accordingly, Petitioner does not meet the necessary threshold to establish actual innocence such that equitable tolling permits him to overcome the time bar to his habeas petition.

Judge Love's Report further recommends denying Petitioner a certificate of appealability *sua sponte* because Petitioner failed to make a substantial showing of a

5

denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Although Petitioner objects to this recommendation, he merely reiterates his general claim that counsel was deficient for failing to investigate and present the evidence discussed above. Docket No. 31 at 9. Given that the Court has determined that this evidence is not sufficient to open the actual innocence gateway, Plaintiff's objection to the denial of a certificate of appealability is without merit.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct and that Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 31) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 23) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **27th** day of **February, 2024.**

*[signature]*
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE